

**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
**Jon M. Egan, PC**
240 Sixth Street
Lake Oswego, OR 97034-2931
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiff

FILED'08 APR 25 16:15USDC-ORP

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **MISTY CUMBIE**, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>**WOODY WOO, INC.**, d/b/a Vita Cafe, an Oregon corporation, **WOODY WOO II INC.**, d/b/a Delta Cafe, an Oregon corporation, **AARON WOO**, an individual, and **DOES 1–5**,<br><br>Defendants. | Case No.<br><br>**CV'08 - 504  PK**<br><br>**COLLECTIVE AND CLASS ACTION ALLEGATION COMPLAINT**<br><br>(Oregon and Federal Wage Claims)<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT—COLLECTIVE AND CLASS ACTION

Misty Cumbie (hereinafter "Plaintiff"), suing on behalf of herself and all others similarly situated, complains as follows against Woody Woo, Inc., Woody Woo II Inc., Aaron Woo and Does 1–5 (hereinafter collectively "WOO").

COMPLAINT – Page 1

## PRELIMINARY STATEMENT

### 1.

This is an action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §
201 *et seq.*, and Oregon wage and hour laws, for all present and former employees
of WOO to recover unpaid wages, liquidated damages, civil penalties, and pre- and
post-judgment interest thereon.

## JURISDICTION AND VENUE

### 2.

This Court has jurisdiction over the subject matter of this complaint pursuant
to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C.
§ 1337 (Actions arising under acts of Congress relating to commerce).

### 3.

This Court has supplemental jurisdiction over the Oregon law claims set
forth in this complaint pursuant to 28 U.S.C. § 1367. Both the federal and state
claims alleged herein arose from a common nucleus of operative facts. The state
actions are so related to the federal claims that they form part of the same
controversy, and the actions would ordinarily be expected to be tried in one
judicial proceeding.

### 4.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(ii)

because WOO transacted business in this district, Plaintiff was employed by WOO in this district, and acts and omissions that are the subject of this suit transpired in this district.

## PARTIES

### 5.

Plaintiff is a resident and citizen of the State of Oregon. At all material times, Plaintiff and all Collective and Class members are or were employees of WOO.

### 6.

WOO was and is an "enterprise" as defined by the FLSA, with unified operation and common control. The individual defendants, and each of them, acted directly or indirectly in the interest of the WOO enterprise in relation to Plaintiff throughout her employment. At all material times, WOO conducted business in the State of Oregon.  WOO was and is an employer and an enterprise engaged in commerce or in the production of goods for commerce as defined by, and subject to the requirements of, the FLSA and parallel Oregon wage and hour statutes.

### 7.

Does 1–5 were or are persons who conduct business in the State of Oregon and who were or are employers in lieu of or in addition to the other defendants; who were or are additional owners, aliases, successors, precursors, agents or

COMPLAINT – Page 3

related entities to the other defendants in their restaurant businesses; and/or who were members of or participants in the WOO enterprise.

## COMMON ALLEGATIONS

### 8.

Plaintiff and Collective and Class members were employed as servers by WOO, at wage rates at or near the statutory Oregon minimum wage.

### 9.

At all relevant times, WOO has willfully required its servers to participate in a "tip pool" program, whereby it has willfully required Plaintiff and its other servers to contribute all of their tips to a pool.

### 10.

The tip pool was then distributed to all of the restaurant employees. The percentage returned to the servers was set by WOO and ranged from 30% to 45%. The rest of the servers' tips were given to the kitchen staff (none of whom were customarily or regularly tipped employees), and ranged from 55% to 70% of the servers' tips.

### 11.

The portion of the tip pool that was returned to the servers was distributed based on the number of hours that each server worked, as a percentage of the total hours worked by all servers. Even after receiving their portion of the tip pool, no

server received an amount equal to the minimum wage plus all tips given to them by their customers.

12.

WOO willfully required, allowed, suffered and permitted Plaintiff and its other employees to work through their statutorily required rest periods, and did not properly pay them for that time.

13.

At all relevant times, WOO willfully refused to timely pay Plaintiff and its other employees all earned wages when their employment ended.

14.

WOO willfully and repeatedly required, allowed, suffered and permitted Plaintiff and its other servers to perform work for which they were not compensated at the Oregon and/or federal minimum wage rates when due.

## COLLECTIVE AND CLASS ALLEGATIONS

Throughout the statutory limitations period(s), WOO engaged in acts and practices that violated the Collective and Class members' rights under the FLSA and Oregon wage and hour laws.

15.

This action is brought on behalf of one FLSA collective and five Rule 23 classes:

COMPLAINT – Page 5

a. The Collective consists of all persons who received less than the federal minimum wage while in WOO's employ, whether as a result of the above-enumerated policies or otherwise. The Collective action is brought for violations of § 6 of the FLSA, and it is limited by a three-year statute of limitations ("FLSA Minimum Wage Collective").

b. Class A consists of all persons who, while employed by WOO, received less than the Oregon minimum wage when those wages were due, whether as a result of WOO's above-enumerated policies or otherwise. Class A is brought for violation of O.R.S. 653.025, and it is limited by a three-year statute of limitations ("Oregon Minimum Wage Class").

c. Class B consists of all persons who were not provided uninterrupted, duty-free rest periods by WOO as required by Oregon law, and who were not otherwise compensated therefor. Class B is brought for violation of O.R.S. 653.261, and it is limited by a three-year statute of limitations ("Oregon Rest Period Class").

d. Class C consists of all persons who were not paid all moneys due to them within the statutorily required time upon termination of their employment by WOO, whether as a result of the above-enumerated policies or otherwise. Class C is brought for violation

of O.R.S. 652.140, and it is limited by a three-year statute of limitations ("Oregon Late Pay Class").

e.  Class D consists of all persons who had money wrongfully withheld, deducted or diverted from their wages by WOO, whether as a result of the above-enumerated policies or otherwise. Class D is brought for violation of O.R.S. 652.610, and it is limited by a three-year statute of limitations ("Oregon Deduction Class").

f.  Class E consists of all persons who did not receive all wages due to them from WOO when those wages were due, whether as a result of the above-enumerated policies or otherwise. Class E is brought for violation of O.R.S. 652.120, and it is limited by a six-year statute of limitations ("Oregon Unpaid Wages Class").

## SIMILAR SITUATION

### 16.

Plaintiff and the FLSA Minimum Wage Collective members are similarly situated in all relevant respects.

## NUMEROSITY

### 17.

Plaintiff alleges, on information and belief, that each of the above classes is

COMPLAINT – Page 7

so numerous that joinder of all members is impractical, consisting of in excess of 25 persons each and possibly more, depending on rate of turnover.

## COMMONALITY

18.

There are questions of law and fact common to each class, which predominate over any issues involving only individual class members. The principal questions are:

a. For the Oregon Minimum Wage Class, whether WOO's above-enumerated policies violate Oregon law, whether WOO underpaid its employees' wages such as to fall below the then-current Oregon minimum wage (whether through the above-enumerated policies or otherwise), and whether such violation was willful.

b. For the Oregon Rest Period Class, whether WOO's rest period policy violates Oregon law, whether WOO failed to otherwise compensate its employees for missed rest periods (whether through the above-enumerated policies or otherwise), and whether such violation was willful.

c. For the Oregon Late Pay Class, whether WOO's policy regarding wage payment upon termination violates Oregon law, whether WOO failed to pay its employees all wages when due upon

COMPLAINT – Page 8

termination of employment (whether due to the above-enumerated policies or otherwise), and whether such violation was willful.

d. For the Oregon Deduction Class, whether WOO's policy regarding deductions from the wages of its employees violates Oregon law, whether WOO made wrongful deductions from the wages of its employees (whether through the above-enumerated policies or otherwise), and whether such violation was willful.

e. For the Oregon Unpaid Wages Class, whether WOO failed to pay its employees all wages due when those wages were due (whether through the above-enumerated policies or otherwise), and whether such failure was willful.

f. For all Classes, what remedies are available for the alleged violations.

## TYPICALITY

### 19.

Plaintiff's claims are typical of those of the Class members because:

a. Plaintiff is a member of each Class.

b. Plaintiff's claims stem from the same practice or course of conduct that forms the basis for the Class claims.

c. All of the Class members' claims are based on the same facts and

legal theories.

d.  There is no antagonism between the interests of Plaintiff and Class members, because their claims are for damages provided to each Class member by statute.

e.  The injuries that Plaintiff suffered are similar to the injuries that the Class members have suffered, and they are relatively small compared to the expense and burden of individual prosecutions of this litigation.

f.  The prosecution of separate actions by the Class members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of Class members who are not parties to such separate adjudications.

## ADEQUACY OF REPRESENTATION BY PLAINTIFF

20.

Plaintiff will fairly and adequately protect the interests of the Classes because:

a.  There is no conflict between Plaintiff's claims and those of the other Class members.

b.  Plaintiff has retained counsel experienced in handling actions

involving wage and hour and class actions, who will vigorously prosecute this litigation.

c.     Plaintiff's claims are typical of the claims of Class members in that her claims stem from the same practice and course of conduct that forms the basis of the Class claims.

## FIRST CLAIM FOR RELIEF

(FLSA Minimum Wage Collective, Liquidated Damages)

21.

All previous paragraphs are incorporated by reference herein.

22.

Pursuant to 29 U.S.C. § 206, WOO was required to pay Plaintiff and FLSA Minimum Wage Collective members at least the amount of the federal minimum wage, when those wages were due.

23.

Whether through the above-enumerated policies or otherwise, WOO willfully failed and refused to pay Plaintiff and FLSA Minimum Wage Collective members at least the amount of the federal minimum wage, when those wages were due.

24.

Plaintiff and FLSA Minimum Wage Collective members are entitled to

COMPLAINT – Page 11

collect the difference between their received wages and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements and reasonable attorney fees.

25.

Plaintiff and FLSA Minimum Wage Collective members have been required to bring this action to recover federal minimum wages remaining due and unpaid, and statutory liquidated damages.

26.

Plaintiff seeks to represent all similarly situated Collective members to whom WOO refused to pay the federal minimum wage when due pursuant to federal statute.

## SECOND CLAIM FOR RELIEF

(Oregon Minimum Wage Class, Penalty Wages)

27.

All previous paragraphs are incorporated by reference herein.

28.

Pursuant to O.R.S. 653.025, WOO was required to pay Plaintiff and Oregon Minimum Wage Class members at least the amount of the Oregon minimum wage, when those wages were due.

COMPLAINT – Page 12

29.

Whether through the above-enumerated policies or otherwise, WOO willfully failed and refused to pay Plaintiff and Oregon Minimum Wage Class members at least the amount of the Oregon minimum wage, when those wages were due.

30.

Plaintiff and Oregon Minimum Wage Class members are entitled to collect the difference between their received wages and the Oregon minimum wages due, over the past three years, in an amount to be proved at trial, in addition to 30 days of penalty wages, together with costs, disbursements and reasonable attorney fees, as well as pre- and post-judgment interest.

31.

Plaintiff and Oregon Minimum Wage Class members have been required to bring this action to recover Oregon minimum wages remaining due and unpaid, and penalty wages.

32.

Plaintiff seeks to represent all similarly situated Oregon Minimum Wage Class members to whom WOO failed and refused to pay the Oregon minimum wage when due.

COMPLAINT – Page 13

## THIRD CLAIM FOR RELIEF

(Oregon Rest Period Class, Penalty Wages)

33.

All previous paragraphs are incorporated by reference herein.

34.

Pursuant to O.R.S. 653.261 and the implementing rules of the Commissioner of the Bureau of Labor and Industries, WOO was required to give Plaintiff and the Oregon Rest Period Class members paid rest periods, or to otherwise compensate them for that time.

35.

Whether through the above-enumerated policies or otherwise, WOO frequently and willfully required, allowed, suffered and permitted Plaintiff and the Oregon Rest Period Class members to work without paid rest periods, and failed to otherwise compensate them for that time.

36.

Plaintiff and Oregon Rest Period Class members are entitled to collect the difference between their received wages and the wages due, over the past three years, in an amount to be proved at trial, as well as 30 days of penalty wages, together with costs, disbursements and reasonable attorney fees, as well as pre- and post-judgment interest.

COMPLAINT – Page 14

37.

Plaintiff and Oregon Rest Period Class members have been required to bring this action to recover wages remaining due and unpaid, and penalty wages.

38.

Plaintiff seeks to represent all similarly situated Oregon Rest Period Class members to whom WOO failed and refused to give the statutorily required rest periods, and whom WOO failed and refused to otherwise compensate for that time.

## FOURTH CLAIM FOR RELIEF

(Oregon Late Pay Class, Penalty Wages)

39.

All previous paragraphs are incorporated by reference herein.

40.

Pursuant to O.R.S. 652.140, Plaintiff and Oregon Late Pay Class members were owed all wages remaining due within a certain number of days following the termination of their employment.

41.

Whether through the above-enumerated policies or otherwise, WOO willfully failed and refused to pay Plaintiff's and Oregon Late Pay Class members' wages when due following the termination of their employment.

42.

In addition to the wages remaining due them, Plaintiff and Oregon Late Pay Class members are entitled to collect 30 days of penalty wages, as well as costs, disbursements and reasonable attorney fees, as well as pre- and post-judgment interest.

43.

Plaintiff and Oregon Late Pay Class members have been required to bring this action to recover wages remaining due and unpaid, and penalty wages.

44.

Plaintiff seeks to represent all similarly situated employees whose employment for WOO has ended and who were not paid final wages when due pursuant to Oregon statute.

## FIFTH CLAIM FOR RELIEF

(Oregon Deduction Class, Penalties)

45.

All previous paragraphs are incorporated by reference herein.

46.

Pursuant to O.R.S. 652.610, WOO was prohibited by law from deducting amounts from the wages of Plaintiff and Oregon Deduction Class members without meeting specific statutory requirements to do so.

COMPLAINT – Page 16

47.

Whether through the above-enumerated policies or otherwise, WOO willfully deducted amounts from the wages of Plaintiff and Oregon Deduction Class members without meeting the specific statutory requirements to do so.

48.

In addition to the wages remaining due them, Plaintiff and Oregon Deduction Class members are entitled to collect a penalty equal to either $200 or the amount deducted, whichever is greater, for each of the prohibited deductions.

49.

Plaintiff and Oregon Deduction Class members have been required to bring this action to recover wages remaining due and unpaid, and penalties.

50.

Plaintiff seeks to represent all similarly situated employees from whom WOO has unlawfully deducted wages.

**SIXTH CLAIM FOR RELIEF**

(Oregon Unpaid Wages Class)

51.

All previous paragraphs are incorporated by reference herein.

52.

Pursuant to O.R.S. 652.120, WOO was required to pay Plaintiff and Oregon

COMPLAINT – Page 17

Unpaid Wages Class members all wages owed, when those wages were due.

53.

Whether through the above-enumerated policies or otherwise, WOO willfully failed and refused to pay Plaintiff and Oregon Unpaid Wages Class members all wages owed, when those wages were due.

54.

In addition to the wages remaining due them, Plaintiff and Oregon Unpaid Wages Class members are entitled to collect their costs, disbursements and reasonable attorney fees, as well as pre- and post-judgment interest.

55.

Plaintiff and Oregon Unpaid Wages Class members have been required to bring this action to recover wages remaining due and unpaid.

56.

Plaintiff seeks to represent all similarly situated employees to whom Woo has not paid all wages due, when those wages were due.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court award such damages as set forth above and in amounts to be proven at trial; award Plaintiff's costs, disbursements and reasonable attorney fees; order WOO to pay pre-judgment and post-judgment interest on all amounts due to Plaintiff and all other Class members

COMPLAINT – Page 18

as a result of this action; and order such further or alternative relief as the Court

deems appropriate.

DATED this 25th day of April, 2008

JON M. EGAN, P.C.


JON M. EGAN
OSB # 002467
(503) 697-3427
Attorney for Plaintiff

COMPLAINT – Page 19