FILED'08 JUL 25 15:33USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

MISTY CUMBIE on behalf of herself
and all others similarly situated,

                                                    CV. 08-504-PK

                                                    OPINION & ORDER

               Plaintiff,

v.

WOODY WOO, INC., d/b/a Vita Cafe,
WOODY WOO II, INC, d/b/a Delta
Cafe, and AARON WOO,

               Defendants.

_____

PAPAK, Magistrate Judge:

      Plaintiff Misty Cumbie, on behalf of all those similarly situated, brought this

action for violation of the minimum wage provisions of the Fair Labor Standards Act §

201 et seq. and Oregon wage and hour laws on April 25, 2008, against Defendants

Woody Woo, Inc., d/b/a Vita Cafe, Woody Woo II, Inc., d/b/a Delta Cafe, and Aaron

Page 1 - OPINION & ORDER

Woo. Plaintiff asserts collective, class and individual claims for 1) failure to pay federal minimum wage when due under 29 U.S.C. § 206; 2) failure to pay Oregon minimum wage when due under ORS 653.025; 3) failure to allow Plaintiff a rest period under ORS 653.261;[1] 4) failure to pay owed wages on time after termination of employment under ORS 652.140; 5) deducting Plaintiff's wages as prohibited by ORS 652.610; and 6) failure to pay unpaid wages on time under ORS 652.120. Defendants' motion to dismiss for failure to state a claim upon which relief can be granted is currently before the Court.

## FACTUAL BACKGROUND

Plaintiff's claims for violation of the minimum wage provisions of the Fair Labor Standards Act ("FLSA") and Oregon hour and wage laws arise from Defendants' alleged failure to pay minimum wage. Plaintiff specifically alleges that Defendants employed her "at wage rates at or near the statutory Oregon minimum wage" but that "no server received an amount equal to the minimum wage plus all tips given to them by their customers."[2] (#1 ¶¶ 8-11.) Plaintiff's complaint also states in conclusory fashion that Defendants refused to pay servers on time and required them to work without pay. (#1 ¶¶ 13-14.)

These assertions rest solely upon the following facts. Defendants required Plaintiff to participate in a tip pooling arrangement wherein each server contributed all tips to a communal pool. Defendants then distributed 55% to 70% of tips to kitchen staff, with the remainder redistributed to servers according to hours worked by each server as a percent of total hours worked by all servers. (#1 ¶¶ 8-11.) Plaintiff does not support her claims with any further facts, rather she asserts each violation occurred "[w]hether through the above-enumerated policies or otherwise," without offering an explanation of

---

[1] Plaintiff has agreed to drop the rest period claim. (#5 at 3.)

[2] At oral argument, Plaintiff agreed that "at or near" meant at or above statutory Oregon minimum wage.

"otherwise." (#1.) Plaintiff's complaint does not state dates of employment, applicable minimum wage rates, or at what rate Defendants paid Plaintiff, other than at or near the statutory minimum wage.

## LEGAL STANDARD

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" specifically, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ---, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.*, *quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004); *see also* Fed. R. Civ. P. 8(a).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In considering a motion to dismiss, this court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007). Moreover, the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994), *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court need not, however, accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## DISCUSSION

Although Defendants directly paid Plaintiff, without considering or using tips, at or above the relevant Oregon minium wage rate for each year, Plaintiff maintains that the tip pooling arrangement violated minimum wage law. She argues that a tip pool involving non-customarily tipped employees violates § 203(m) and that failing to allow employees to retain all their tips effectively permits the employer to sidestep the tip credit provision of the FLSA. Plaintiff construes several Wage and Hour Division ("WHD") Opinion Letters to prohibit any tip pooling involving non-customarily tipped employees and to require that employees retain all their tips. Plaintiff further contends that since money is fungible, redistributing tips to kitchen staff is the equivalent of an employer taking and keeping the money for itself as it allows employer to pay kitchen staff "below market rates." (#22 at 6.)

### Minimum Wage

The Fair Labor Standards Act currently requires employers to pay employees a minimum wage of $5.85 per hour. 29 U.S.C. § 206. Moreover, an employer must pay the federal minimum wage "finally and unconditionally or 'free and clear,'" so as to comply with Congress's intent to provide a minimum standard of living for employees. 29 C.F.R. § 531.35; *Platek v. Duquesne Club*, 961 F. Supp. 835, 838 (W.D. Pa. 1995) (dismissing claim for minimum wage violation where employer paid the statutory minimum wage "free and clear" even though employees gave a share of tips to the employer, because tip "kick-backs" are distinguishable from wage "kick-backs"); *see also Mitchell v. Robert De Mario Jewelry, Inc.*, 361 U.S. 288, 291 (1960) (construing Congressional intent with regard to minimum wage laws). Oregon employers must determine state minimum wage by adjusting the 2003 minimum wage ($6.90) for each year's inflation, making the current minimum wage $7.95.[3] ORS 653.025.

---

[3]Oregon minimum wage was $6.90 in 2003, $7.05 in 2004, $7.25 in 2005, $7.50 in 2006, $7.80 in 2007 and $7.95 in 2008. "Technical Assistance for Employers;

**Tipped Employees**

Although the FLSA distinguishes between tipped and non-tipped employees, Oregon employers must pay minimum wage to all employees without considering tips. ORS 653.035(3). "In the absence of an agreement to the contrary between the recipient and a third party, a tip becomes the property of the person in recognition of whose service it is presented by the customer." 29 C.F.R. § 531.52; *accord Williams v. Jacksonville Terminal Co.*, 315 U.S. 386, 397, 62 S. Ct. 659, 86 L. Ed. 914 (1942).

**The Tip Credit Provision**

The tip credit provision of the FLSA, § 203(m), allows employers to pay tipped employees only $2.13 per hour if employees' tips suffice to fulfill minimum wage, as long as the employer satisfies certain conditions. 29 U.S.C. § 203(m). For example, where the federal minimum wage is $5.85, an employer may pay his tipped employees $2.13 per hour as long as the employee made at least $3.72 per hour in tips. Under the 1974 Amendments to the FLSA, an employer could not claim a tip credit of greater than 50% of minimum wage and could only apply the credit to tipped employees; the 1996 FLSA Amendments now require employers to pay tipped employees at least $2.13 per hour regardless of the percentage of minimum wage satisfied by tips.[4] *Id.* Oregon, like many states, requires that employers pay the full Oregon minimum wage, thereby effectively preventing employers from claiming any tip credit. ORS 653.025; ORS 653.035 (3) ("Employers, including employers regulated under the Federal Fair Labor Standards Act, may not include any amount received by employees as tips in determining the amount of the minimum wage required to be paid").

**Tip Pooling**

Where an employer seeks to claim a tip credit, the FLSA permits the employer to

---

Minimum Wage: Questions and Answers," http://www.oregon.gov/BOLI/TA/T_FAQ_Min-wage 2008.shtml.

[4]All of the cases Plaintiff relies on are governed by the 1974 FLSA Amendments.

Page 5 - OPINION & ORDER

distribute tips through a tip pool consisting of customarily tipped employees. 29 U.S.C. § 203(m). The Wage and Hour Division of the Department of Labor's Field Operations Handbook, Fact Sheet and Opinion Letters cited by Plaintiff further expound upon the qualities of a "valid tip pool," restricting it to customarily tipped employees such as servers, valets and other customer service personnel, and prohibiting pooling that includes non-customarily tipped employees such as cooks and dishwashers. *See* WHD Field Operations Handbook s30d; WHD Fact Sheet #15; and WHD Opinion Letters in Plaintiff's Supplemental filing #15.

Because the "valid tip pool" restrictions are applicable only where the tip credit provision is implicated, the FLSA restricts tip pooling arrangements *only* where employers seek to claim a tip credit. 29 U.S.C. § 203(m). Therefore, since state law prevents Oregon employers from claiming a tip credit, no law specifically restricts tip pooling in this state. *See* ORS 653.025, 653.035; 29 U.S.C. § 203(m). Plaintiff (and some of the sources she relies on) reads the tip pooling requirements out of the context of the tip credit provision from which they came, applying such restrictions to employment generally, rather than as a condition of claiming a tip credit. The tip pooling restriction of Section 203(m), however, only modifies the tip credit provision; the comment on tip pooling does not function as an independent provision. Apart from the tip credit context, the FLSA remains silent regarding tip pooling.[5]

**Tip Pooling Cases**

Accordingly, the only cases where courts found tip pooling to violate the FLSA involve states where employers may claim a tip credit or situations where employers themselves shared in the tip pool. *See e.g., Myers v. Copper Cellar Corp.*, 192 F.3d 546, 555 (6th Cir. 1999) (tip pooling illegal where employer claimed tip credit) *and*

---

[5]Plaintiff also cites to the Oregon Restaurant Association's Government Affairs web site which states without citing any authority: "an employer-mandated tip pooling policy is always illegal." Oregon Restaurant Association's Government Affairs Team, http://www.ora.org/Government/Tech/tech_tip_pooling.htm.

Page 6 - OPINION & ORDER

*Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 466-467 (5th Cir. 1979) (employer took employees' tip money without their consent and used it to pay their minimum wage, even then occasionally falling short of paying the statutory minimum).

In *Cooper v. Thomason*, the only case discussing tip pooling in the District of Oregon, Judge King granted defendant's partial summary judgment motion and dismissed plaintiff's tip pooling based minimum wage violation claims with prejudice. *Cooper*, 2007 U.S. Dist. LEXIS 7097, at *7. In that case, plaintiff claimed she did not receive minimum wage "free and clear" because of her contributions to the tip pool. *Id.* at *4. Judge King construed her claim as a question of whether contributing to a tip pool constituted an illegal "kick-back" to the employer. *Id.* at *4-5.

In *Cooper*, the plaintiff relied on the same Opinion Letter cited by Plaintiff in this case, for the proposition that where an employer does not claim a tip credit, tip pooling may still violate § 203(m) if the employee receives less than all the tips given to her, since "[t]he courts have made clear that tips are the property of the employee to whom they are given." *Id.* at *5-6 (citing WHD Opinion Letter WH-536 (Oct. 26, 1989). For that strong proposition, however, the WHD cites only one case, *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 466-467 (5th Cir. 1979). Upon examination, that case appears not to stand for the proposition in support of which it is cited. In *Barcellona* the employer itself took the tip pool money and used it to satisfy minimum wage requirements. Further, the court explicitly found that no agreement existed between employer and employees that tips would belong to employer.

The Opinion Letter states that even where the employer does not seek a tip credit, tip pooling would be illegal if: "(1) such pooling deprives a tipped employee of any amount of the tips such employee actually received *and* (2) the employer does not pay a sufficiently high cash wage to reimburse such employee for such loss, plus at least the minimum wage." Under this standard, all tip pooling would be *per se* invalid because tip pooling by its very nature entails some deprivation of tips as a result of redistribution. The WHD's statement here is perplexing because such redistribution is the sole purpose

Page 7 - OPINION & ORDER

of the tip pool; applying these criteria would invalidate even the tip pool explicitly approved in § 203(m). The Letter goes on to explain that if an employer implemented a tip pool arrangement that did not satisfy their criteria, the employee would then be "contribut[ing] part of his or her property to the employer or to other persons for the benefit of the employer, with the result that the employee would not have received the full minimum wage 'free and clear' as required."

The Letter cites two cases for support, yet fails to articulate that the holdings of those two cases simply prohibit employers from using employees' tip money to pay employees, rather than prohibiting tip pooling. *See Barcellona, supra, and Donovan v. Tavern Talent and Placements, Inc.*, 1986 U.S. Dist. LEXIS 30955, 104 Lab. Cas. (CCH) ¶34, 773 (D. Colo. January 8, 1986) (where employer kept employees' tip money for itself, in an amount equal to minimum wage plus one dollar, in essence not paying any wages at all to its employees, but rather gaining a dollar for every hour an employee worked, court held that employers could not agree with employees to use tips to satisfy minimum wage requirements because such agreement would allow employers to sidestep the FLSA's 50% limitation on tip credits). After reading the cases the Letter relies upon and placing the Letter in the context of the WHD's repeated interpretation of the FLSA, the Court concludes that the Letter's language, though inartful, does nothing to change the validity of tip pooling. The Letter simply reiterates that employers may not use employees' tip money to satisfy minimum wage requirements.

In any event, the Opinion Letters only carry authority as far as their reasoning persuades the court. *Christensen v. Harris County*, 529 U.S. 576, 587 (2000). Faced with a similar question about the FLSA as interpreted on its face or through WHD opinion letters, the Supreme Court stated:

> Interpretations such as those in opinion letters -- like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law -- do not warrant *Chevron*-style deference. . . . Instead, interpretations contained in formats such as opinion letters are "entitled to respect" under our decision in *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 89 L. Ed. 124, 65 S. Ct. 161 (1944), but only to the extent that those interpretations have the

Page 8 - OPINION & ORDER

"power to persuade," *ibid.*

*Christensen*, 529 U.S. at 587.  In light of the FLSA's language, the relevant case law and the otherwise consistent WHD interpretations, the WH-536 letter does nor persuade this Court to interpret the FLSA as prohibiting tip pools where the employer neither claims a tip credit nor retains any of the money distributed.

The same Opinion Letter failed to sway the court in *Platek*.  The court rejected the WHD interpretation, reasoning that "although agency interpretations are entitled to deference, *see Chevron USA, Inc. v. National Resources Defense Council, Inc.*, 467 U.S. 837, 842-45, 81 L. Ed. 2d 694, 104 S. Ct. 2778 (1984), such deference is not appropriate where the agency's interpretation is not supported by the plain language and/or purpose of the statute or regulation at issue." *Platek*, 961 F. Supp. at 839.

Citing the *Platek* decision, Judge King also rejected the analysis of the Opinion Letter, holding that defendant paid plaintiff more than federal and state minimum wage, that tip pooling does not violate the "free and clear" language, and that defendant's tip pooling did not violate minimum wage laws.  *Cooper*, at *6-7 (citing *Platek*, 961 F. Supp. 835, 839; *Williams*, 315 U.S. 386, 397; 29 C.F.R. § 531.52 (General Characteristics of Tips: "In the absence of an agreement to the contrary between the recipient and a third party, a tip becomes the property of the person in recognition of whose service it is presented by the customer."); 29 C.F.R. § 531.55 (Examples of Amounts not Received as Tips: "Likewise, where the employment agreement is such that amounts presented by customers as tips belong to the employer and must be credited or turned over to him . . . . The amounts received from customers are the employer's property, not his, and do not constitute tip income to the employee.").

## ANALYSIS

Plaintiff makes the argument that the 1974 Amendments to the FLSA and subsequent interpretations by courts prevent an employer from retaining the employees' tips.  *See e.g.*, *Winans v. W.A.S., Inc.*, 112 Wn.2d 529, 535-36 (Wash. 1989) (where

Page 9 - OPINION & ORDER

employer used some of employees' tip money to pay operating expenses, but returned the remaining tip money to employees as a bonus, court held that employer was impermissibly using employees' tip money to "avoid paying out the full percentage of the minimum wage as directed by § 203(m)").  While acknowledging that collecting employees' tips does not violate the plain language of § 203(m) or the C.F.R., the *Winans* court suggests that because 29 C.F.R. § 531.52 was promulgated before the 1974 FLSA amendments, the C.F.R. interpretations should no longer have an "effect to the extent that they are in conflict with the amended Act."

The central argument on which Plaintiff relies (set forth in *Winans*) posits that because the FLSA amendments reinforced the tip credit provision, any agreement where an employer keeps employees' tips would render the tip credit limitation impotent. At oral argument, Plaintiff asserted that Defendants' redistribution of servers' tips to kitchen staff constituted the "money laundering" version of the employer's invalid practice in *Winans*. That is to say, by paying kitchen staff with servers' tip money (in addition to minimum wage), Defendants were defraying expenses like the employer in *Winans*, thus avoiding "paying out the full percentage of minimum wage as directed by § 203(m)." *Winans*, 112 Wn.2d at 535-36.

Unfortunately for Plaintiff, the FLSA is silent with regard to redistribution of tips. Moreover, Plaintiff's reasoning fails because, if accurate, it would necessarily foreclose § 203(m)'s explicitly valid tip pooling under the tip credit provision as well.  Arguably a dollar saved in wage payments is a dollar earned for other expenses, but the law cited here does not prohibit employers from redistributing employees' tip money. Though Plaintiff presents a reasonable policy argument, such argument does not overcome the plain language of the statute and interpretive regulations still in effect.  Until Congress amends the statute or interpretive regulations, employers and employees may agree to redistribute tips among employees.

In a state such as Oregon, where state law prevents tip credits, an employer is not prohibited from requiring employees to share tips with each other, whether or not they are

Page 10 - OPINION & ORDER

customarily tipped employees, so long as the employer does not take, keep or use the money to pay employees the minimum waged owed to them by law.  At all relevant times Defendants directly paid Plaintiff, without considering or using tips, at or above the Oregon minium wage rates, according to the rate for each relevant year.  Plaintiff has failed to show that an employer's mandatory redistribution of tips violates the FLSA or Oregon Revised Statute minimum wage provisions.  Taken as true, Plaintiff's complaint does not allege any violation of state or federal law.  Therefore, this Court finds that Plaintiff has failed to state a claim upon which relief can be granted.[6]


### CONCLUSION

For the foregoing reasons, the Court grants Defendants Motion to Dismiss.  All of Plaintiff's claims are dismissed with prejudice.


Dated this 25th day of July 2008.

Honorable Paul Papak
United States Magistrate Judge

---

[6]Finding that it should be dismissed under the foregoing analysis, this Court does not reach Defendants' alternate argument that Plaintiff's fourth claim for relief should be dismissed because it seeks to recover twice for the same claim.

Page 11 - OPINION & ORDER