**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Misty Cumbie, on behalf of herself
and all others similarly situated,
              *Plaintiff-Appellant,*

              v.

Woody Woo, Inc., an Oregon
corporation, DBA Vita Café;
Woody Woo II, Inc., an Oregon
corporation, DBA Delta Café;
Aaron Woo, an individual,
              *Defendants-Appellees.*

No. 08-35718

D.C. No.
3:08-cv-00504-PK

OPINION

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak, Magistrate Judge, Presiding

Argued and Submitted
October 6, 2009—Portland, Oregon

Filed February 23, 2010

Before: Diarmuid F. O'Scannlain and N. Randy Smith,
Circuit Judges, and Charles R. Wolle,*
Senior District Judge.

Opinion by Judge O'Scannlain

---

*The Honorable Charles R. Wolle, Senior United States District Judge
for the Southern District of Iowa, sitting by designation.

2888          CUMBIE v. WOODY WOO, INC.

## COUNSEL

Jon M. Egan, Lake Oswego, Oregon, argued the cause for the appellant and filed briefs.

Eric A. Lindenauer, Garvey Schubert Barer, Portland, Oregon, argued the cause for the appellees and filed a brief.

Maria Van Buren, United States Department of Labor, Washington, D.C., argued on behalf of the Secretary of Labor as amicus curiae in support of the appellant. With her on the brief were Carol A. De Deo, Steven J. Mandel, and Paul L. Frieden.

Richard J. (Rex) Burch, Bruckner Burch PLLC, Houston, Texas, filed a brief on behalf of the National Employment Lawyers Association as amicus curiae in support of the appellant. With him on the brief was Stefano Moscato, National Employment Lawyers Association, San Francisco, California.

Eugene Scalia, Gibson, Dunn & Crutcher LLP, Washington, D.C., filed a brief on behalf of the Nevada Restaurant Association as amicus curiae in support of the appellees. With him on the brief were Jesse A. Cripps, Jr. and Ann S. Robinson, Gibson, Dunn & Crutcher LLP, Los Angeles, California; and Samuel P. McMullen and Erin McMullen, Snell & Wilmer LLP, Las Vegas, Nevada.

Kevin H. Kono, Davis Wright Tremaine LLP, Portland, Oregon, filed a brief on behalf of the Oregon Restaurant Association as amicus curiae in support of the appellees.

CUMBIE v. WOODY WOO, INC.                 2889

## OPINION

O'SCANNLAIN, Circuit Judge:

We must decide whether a restaurant violates the Fair Labor Standards Act, when, despite paying a cash wage greater than the minimum wage, it requires its wait staff to participate in a "tip pool" that redistributes some of their tips to the kitchen staff.

### I

Misty Cumbie worked as a waitress at the Vita Café in Portland, Oregon, which is owned and operated by Woody Woo, Inc., Woody Woo II, Inc., and Aaron Woo (collectively, "Woo"). Woo paid its servers[1] a cash wage at or exceeding Oregon's minimum wage, which at the time was $2.10 more than the federal minimum wage.[2] In addition to this cash wage, the servers received a portion of their daily tips.

Woo required its servers to contribute their tips to a "tip pool" that was redistributed to all restaurant employees.[3] The largest portion of the tip pool (between 55% and 70%) went to kitchen staff (*e.g.*, dishwashers and cooks), who are not customarily tipped in the restaurant industry. The remainder (between 30% and 45%) was returned to the servers in proportion to their hours worked.

Cumbie filed a putative collective and class action against

---

[1] We use the term "server" to include the waiters and waitresses serving tables.

[2] At the time Cumbie filed her complaint, the minimum wage in Oregon was $7.95, *see* Or. Rev. Stat. § 653.025(e); Minimum Wage: Questions and Answers, *available at* http://www.oregon.gov/BOLI/TA/T_FAQ_Min-wage2008.shtml (last accessed Jan. 3, 2010), and the federal minimum wage was $5.85 per hour, *see* 29 U.S.C. § 206(a)(1)(A).

[3] Neither Woo nor any managers participated in the tip pool.

2890          CUMBIE v. WOODY WOO, INC.

Woo, alleging that its tip-pooling arrangement violated the minimum-wage provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*.[4] The district court dismissed Cumbie's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and Cumbie timely appealed.

II

On appeal, Cumbie argues that because Woo's tip pool included employees who are not "customarily and regularly tipped employees," 29 U.S.C. § 203(m), it was "invalid" under the FLSA, and Woo was therefore required to pay her the minimum wage plus *all* of her tips. Woo argues that Cumbie's reading of the FLSA is correct only vis-à-vis employers who take a "tip credit" toward their minimum-wage obligation. *See id.* Because Woo did not claim a "tip credit,"[5] it contends that the tip-pooling arrangement was permissible so long as it paid her the minimum wage, which it did.

Although we ordinarily begin our analysis with the text of the relevant statute, we pause to elucidate a background principle that guides our inquiry: "In businesses where tipping is customary, the tips, *in the absence of an explicit contrary understanding*, belong to the recipient. Where, however, [such] an arrangement is made . . . , *in the absence of statutory interference, no reason is perceived for its invalidity*." *Williams v. Jacksonville Terminal Co.*, 315 U.S. 386, 397 (1942) (internal citations omitted) (emphasis added).[6]

---

[4]Cumbie also asserted several wage-and-hour violations under Oregon law but has abandoned them on appeal. *See Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir. 1988).

[5]Oregon law forbids tip credits. *See* Or. Rev. Stat. § 653.0355(3).

[6]*Accord* 29 C.F.R. § 531.52 ("In the absence of an agreement to the contrary between the recipient and a third party, a tip becomes the property of the person in recognition of whose service it is presented by the customer."). Although the parties and amici debate whether this and other

CUMBIE v. WOODY WOO, INC.                    2891

**[1]** *Williams* establishes the default rule that an arrangement to turn over or to redistribute tips is presumptively valid. Our task, therefore, is to determine whether the FLSA imposes any "statutory interference" that would invalidate Woo's tip-pooling arrangement. The question presented is one of first impression in this court.[7]

A

**[2]** Under the FLSA, employers must pay their employees a minimum wage. *See* 29 U.S.C. § 206(a). The FLSA's definition of "wage" recognizes that under certain circumstances, employers of "tipped employees" may include part of such employees' tips as wage payments. *See id.* § 203(m). The FLSA provides in relevant part:[8]

> In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to—

Department of Labor regulations governing tips are still valid, we note that the Secretary of Labor has not bothered to amend them in over forty years. At any rate, because we conclude that the meaning of the FLSA's tip credit provision is clear, we need not decide whether these regulations are still valid and what level of deference they merit. *See Metro Leasing and Development Corp. v. Comm'r of Internal Revenue Svc.*, 376 F.3d 1015, 1024 n.10 (9th Cir. 2004).

[7]Cumbie suggests that various courts of appeals have already resolved this issue in her favor, but the cases she cites are inapposite, as they involve employers who satisfied their entire minimum-wage obligation out of tips. *See, e.g.*, *Doty v. Elias*, 733 F.2d 720 (10th Cir. 1984); *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464 (5th Cir. 1979); *Richard v. Marriott Corp.*, 549 F.2d 303 (4th Cir. 1977). In other words, the employers in those cases took a tip credit, which is not the scenario we confront here.

[8]The first part of section 203(m) allows employers to include in wages the reasonable cost of board, lodging or "other facilities" furnished to employees under certain circumstances. 29 U.S.C. § 203(m). This part of the statute is not implicated here.

(1) the cash wage paid such employee
which for purposes of such determination
shall be not less than the cash wage
required to be paid such an employee on
August 20, 1996; and

(2) an additional amount on account of the
tips received by such employee which
amount is equal to the difference between
the wage specified in paragraph (1) and the
wage in effect under section 206(a)(1) of
this title.

The additional amount on account of tips may not
exceed the value of the tips actually received by an
employee. The preceding 2 sentences shall not apply
with respect to any tipped employee unless such
employee has been informed by the employer of the
provisions of this subsection, and all tips received by
such employee have been retained by the employee,
except that this subsection shall not be construed to
prohibit the pooling of tips among employees who
customarily and regularly receive tips.

*Id.*

1

**[3]** We shall unpack this dense statutory language sentence
by sentence. The first sentence states that an employer must
pay a tipped employee an amount equal to (1) a cash wage of
at least $2.13,[9] plus (2) an additional amount in tips equal to
the federal minimum wage minus such cash wage.[10] That is,
an employer must pay a tipped employee a cash wage of at
least $2.13, but if the cash wage is less than the federal mini-

---

[9]*See* 29 U.S.C. §§ 203(m), 206(a)(1) (1996).
[10]*See* 29 U.S.C. § 206(a)(1).

CUMBIE V. WOODY WOO, INC.                                    2893

mum wage, the employer can make up the difference with the
employee's tips (also known as a "tip credit"). The second
sentence clarifies that the difference may not be greater than
the actual tips received. Therefore, if the cash wage plus tips
are not enough to meet the minimum wage, the employer
must "top up" the cash wage. Collectively, these two sen-
tences provide that an employer may take a partial tip credit
toward its minimum-wage obligation.

[4] The third sentence states that the preceding two sen-
tences do not apply (*i.e.*, the employer may not take a tip
credit) unless two conditions are met. First, the employer
must inform the employee of the tip-credit provisions in sec-
tion 203(m). Second, the employer must allow the employee
to keep all of her tips, except when the employee participates
in a tip pool with other customarily tipped employees.

2

[5] Cumbie argues that under section 203(m), an employee
must be allowed to retain all of her tips—except in the case
of a "valid" tip pool involving only customarily tipped
employees—regardless of whether her employer claims a tip
credit. Essentially, she argues that section 203(m) has over-
ruled *Williams*, rendering tip-redistribution agreements pre-
sumptively invalid. However, we cannot reconcile this
interpretation with the plain text of the third sentence, which
imposes *conditions* on taking a tip credit and does not state
freestanding *requirements* pertaining to all tipped employees.
A statute that provides that a person must do *X in order to
achieve Y* does not mandate that a person must do *X*, period.

[6] If Congress wanted to articulate a general principle that
tips are the property of the employee absent a "valid" tip pool,
it could have done so without reference to the tip credit. "It
is our duty to give effect, if possible, to every clause and word
of a statute." *United States v. Menasche*, 348 U.S. 528, 538-
39 (1955) (internal quotation marks omitted). Therefore, we

decline to read the third sentence in such a way as to render its reference to the tip credit, as well as its conditional language and structure, superfluous.[11]

**[7]** Here, there is no question that Woo's tip pool included non-customarily tipped employees, and that Cumbie did not retain all of her tips because of her participation in the pool. Accordingly, Woo was not entitled to take a tip credit, nor did it. *See Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977) ("[I]f the employer does not follow the command of the statute, he gets no [tip] credit."). Since Woo did not take a tip credit, we perceive no basis for concluding that Woo's tip-pooling arrangement violated section 203(m).[12]

### B

**[8]** Recognizing that section 203(m) is of no assistance to her, Cumbie disavowed reliance on it in her reply brief and at oral argument, claiming instead that "[t]he rule against forced transfer of tips actually originates in the minimum wage section of the FLSA, 29 U.S.C. § 206." Section 206 provides that "[e]very employer shall pay to each of his employees . . . wages" at the prescribed minimum hourly rate. *Id.* § 206(a).

---

[11]Cumbie and amici rely extensively on legislative history of the 1974 amendments to the FLSA, *see* Pub. L. No. 93-259, § 13, 88 Stat. 55 (1974), to support their contention that section 203(m)'s tip-credit conditions were intended to be freestanding requirements. Of course, "we do not resort to legislative history to cloud a statutory text that is clear." *Ratzlaf v. United States*, 510 U.S. 135, 147-48 (1994).

[12]Cumbie also argued that even if Woo's tip pool were legal, it violated the FLSA by requiring her to contribute a greater percentage of her tips than is "customary and reasonable." However, we have no reason to disagree with the Secretary that the "customary and reasonable" requirement, which appears only in opinion letters, a handbook, and a fact sheet, contravenes "court decisions and the unequivocal statutory language." Updating Regulations Issued Under the Fair Labor Standards Act, 73 Fed. Reg. 43654, 43660 (July 28, 2008). Accordingly, we decline to recognize any such requirement. *See Kilgore v. Outback Steakhouse*, 160 F.3d 294, 302-03 (6th Cir. 1998).

CUMBIE v. WOODY WOO, INC.                    2895

**[9]** While section 206 does not mention tips, let alone tip
pools, Cumbie maintains that a Department of Labor ("DOL")
regulation elucidates the meaning of the term "pay" in such
a way as to prohibit Woo's tip-pooling arrangement. She
refers to the regulation which requires that the minimum wage
be "paid finally and unconditionally or 'free and clear,' " and
forbids any " 'kick[ ]-back' . . . to the employer or to another
person for the employer's benefit the whole or part of the
wage delivered to the employee." 29 C.F.R. § 531.35. The
"free and clear" regulation provides as an example of a pro-
hibited kick-back a requirement that an employee purchase
tools for the job, where such purchase "cuts into the minimum
or overtime wages required to be paid him under the Act." *Id.*

According to Cumbie, her forced participation in the "in-
valid" tip pool constituted an indirect kick-back to the kitchen
staff for Woo's benefit, in violation of the free-and-clear regu-
lation. As she sees it, the money she turned over to the tip
pool brought her cash wage below the federal minimum in the
same way as the tools in the regulation's example. The Secre-
tary of Labor agrees, asserting that "if the tipped employees
did not receive the full federal minimum wage plus all tips
received, they cannot be deemed under federal law to have
received the minimum wage 'free and clear,' and the money
diverted into the invalid tip pool is an improper deduction
from wages that violates section [20]6 of the Act."

**[10]** Cumbie acknowledges that the applicability of the
"free and clear" regulation hinges on "whether or not the tips
belong to the servers to whom they are given." This question
brings us back to section 203(m), which we have already
determined does not alter the default rule in *Williams* that tips
belong to the servers to whom they are given only "in the
absence of an explicit contrary understanding" that is not oth-
erwise prohibited. 315 U.S. at 397. Hence, whether a server
owns her tips depends on whether there existed an agreement
to redistribute her tips that was not barred by the FLSA.

**[11]** Here, such an agreement existed by virtue of the tip-pooling arrangement. The FLSA does not restrict tip pooling when no tip credit is taken. Therefore, only the tips redistributed to Cumbie from the pool ever belonged to her, and her contributions to the pool did not, and could not, reduce her wages below the statutory minimum. We reject Cumbie and the Secretary's interpretation of the regulation as plainly erroneous and unworthy of any deference,[13] *see Auer v. Robbins*, 519 U.S. 452, 461 (1997), and conclude that Woo did not violate section 206 by way of the "free and clear" regulation.

### III

Finally, Cumbie argues against the result we reach because "[a]s a practical matter, it nullifies legislation passed by Congress." Her argument, as we understand it, is that Woo is functionally taking a tip credit by using a tip-pooling arrangement to subsidize the wages of its non-tipped employees. The money saved in wage payments is more money in Woo's pocket, which is financially equivalent to confiscating Cumbie's tips via a section 203(m) tip credit (with the added benefit that this "de facto" tip credit allows Woo to bypass section 203(m)'s conditions).

**[12]** Even if Cumbie were correct, "we do not find [this] possibility . . . so absurd or glaringly unjust as to warrant a departure from the plain language of the statute." *Ingalls Shipbuilding, Inc. v. Dir., Office of Workers' Comp. Programs*, 519 U.S. 248, 261 (1997). The purpose of the FLSA is to protect workers from "substandard wages and oppressive working hours." *Barrentine v. Ark.-Best Freight Sys., Inc.*,

---

[13]Their interpretation is also inconsistent with the regulation itself, which prohibits kickbacks that reduce the *wages* paid below the federal minimum. Even assuming Cumbie's tips belonged to her *ab initio*, they were not wages under the FLSA because Woo did not take a tip credit. *See* 29 U.S.C. § 203(m); *see also Platek v. Duquesne Club*, 961 F. Supp. 835, 838 (W.D. Pa. 1995), *aff'd without opinion by Platek v. Duquesne Club*, 107 F.3d 863 (3d Cir. 1997).

CUMBIE v. WOODY WOO, INC.                    2897

450 U.S. 728, 739 (1981) (citing 29 U.S.C. § 202(a)). Our
conclusion that the FLSA does not prohibit Woo's tip-pooling
arrangement does not thwart this purpose. Cumbie received a
wage that was far greater than the federally prescribed mini-
mum, plus a substantial portion of her tips. Naturally, she
would prefer to receive *all* of her tips, but the FLSA does not
create such an entitlement where no tip credit is taken. Absent
an ambiguity or an irreconcilable conflict with another statu-
tory provision, "we will not alter the text in order to satisfy
the policy preferences" of Cumbie and amici. *Barnhart v. Sig-
mon Coal Co., Inc.*, 534 U.S. 438, 462 (2002).

IV

**[13]** The Supreme Court has made it clear that an employ-
ment practice does not violate the FLSA unless the FLSA
*prohibits* it. *Christensen v. Harris County*, 529 U.S. 576, 588
(2000). Having concluded that nothing in the text of the
FLSA purports to restrict employee tip-pooling arrangements
when no tip credit is taken, we perceive no statutory impedi-
ment to Woo's practice. Accordingly, the judgment of the dis-
trict court is

**AFFIRMED.**

**United States Court of Appeals for the Ninth Circuit**

**Office of the Clerk**
95 Seventh Street
San Francisco, CA 94103

**Information Regarding Judgment and Post-Judgment Proceedings**
(December 2009)

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36.  Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise.  To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing  (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1)   A.   **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
   ▶   A material point of fact or law was overlooked in the decision;
   ▶   A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
   ▶   An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

   B.   **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ► Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ► The proceeding involves a question of exceptional importance; or
- ► The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)   Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment.  Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment.  Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory  Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication.  9th Cir. R. 40-2.

**(3)   Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist.  The points to be raised must be stated clearly.

**(4)   Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at   under *Forms*.
- You may file a petition electronically via the appellate ECF system.  No paper copies are required unless the Court orders otherwise.  If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper.  No additional paper copies are required unless the Court orders otherwise.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)

- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at   under *Forms*.

## Attorneys Fees

- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at  under *Forms* or by telephoning (415) 355-7806.

## Petition for a Writ of Certiorari

- Please refer to the Rules of the United States Supreme Court at

## Counsel Listing in Published Opinions

- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ► West Publishing Company; 610 Opperman Drive; PO Box  64526; St. Paul, MN 55164-0526 (Attn: Kathy Blesener, Senior Editor);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

**Form 10. Bill of Costs** ...................................................................................................*(Rev. 12-1-09)*

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

**Note:** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

|                                   | v. |                                   | 9th Cir. No. |          |

The Clerk is requested to tax the following costs against: 

_____

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED Each Column Must Be Completed | | | | ALLOWED To Be Completed by the Clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| Excerpt of Record | | | $ | $ | | | $ | $ |
| Opening Brief | | | $ | $ | | | $ | $ |
| Answering Brief | | | $ | $ | | | $ | $ |
| Reply Brief | | | $ | $ | | | $ | $ |
| Other** | | | $ | $ | | | $ | $ |
| | | | TOTAL: | $ | | | TOTAL: | $ |

* Costs per page may not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

** Other: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1.  Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page.*

**Form 10. Bill of Costs -** *Continued*

I, [                    ] , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature [                    ]

("s/" plus attorney's name if submitted electronically)

Date [                    ]

Name of Counsel: [                    ]

Attorney for: [                    ]

(To Be Completed by the Clerk)

Date [                    ]     Costs are taxed in the amount of $ [                    ]

Clerk of Court

By: [                    ] , Deputy Clerk